# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LEHMAN LODEN, etc., et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0634-WS-MU |
| | ) |
| BIMBO BAKERIES USA, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

The seven plaintiffs filed a complaint asserting claims under the FLSA and under state law. (Doc. 1). They have now filed a joint stipulation "that Plaintiffs' claims in the above-captioned action are dismissed with prejudice" pursuant to Rule 41(a)(1)(A)(ii). (Doc. 13). The stipulation asserts that the plaintiffs "stipulate and agree that they have been properly classified as independent contractors and, accordingly, have withdrawn their FLSA claims." (*Id*. at 1).

The plaintiffs, however, have done no such thing. While a claim can be "withdrawn" by filing an amended complaint omitting the claim,[1] the plaintiffs have not filed an amended complaint. Moreover, the parties stipulate to the dismissal of "Plaintiffs' claims in the above-captioned action," which by its terms extends to the FLSA claims. Because the FLSA claims thus remain in the case, they can be resolved only in accordance with governing law.

As the Court previously advised the parties, (Doc. 12 at 1-2), "[o]ther than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the

---

[1] *E.g., Alves v. Board of Regents*, 804 F.3d 1149, 1158 n.3 (11th Cir. 2015).

employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *accord Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) (under *Lynn's*, which "applies to settlements between former employees and employers" as well as current employees, an FLSA settlement not made under the supervision of the Secretary of Labor "is valid only if the district court entered a 'stipulated judgment' approving it").

Employing the unorthodox medium of a letter from counsel addressed to the undersigned and attached as an exhibit to the stipulation, (Doc. 13-1), the defendant explains in some detail why the plaintiffs' FLSA claims "would fail as a matter of law and fact." (*Id*. at 6). The reasons are basically that the plaintiffs are independent contractors rather than employees and that, even if they were employees, they were subject to two exemptions. (*Id*. at 2-5). The defendant continues that it "did not require Plaintiffs to release their FLSA claims and, therefore, paid no consideration for a release of FLSA claims." (*Id*. at 6).[2] The defendant concludes that "there is no FLSA settlement to approve." (*Id*.).

The Court previously advised the parties that it expected them to demonstrate that *Lynn's* does not apply to the circumstances of this case. (Doc. 11 at 2). The parties, however, offer no case law in support of their position, and the opinions reviewed by the Court indicate that *Lynn's* may apply in the present context. A sister court has rejected the contention that, "because Plaintiff would receive no compensation in return for dismissing her FLSA claim with prejudice, there is no settlement for the Court to approve." *Perez-Nunez v. North Broward Hospital District*, 609 F. Supp. 2d 1319, 1320 (S.D. Fla. 2009).

The Court therefore assumes for present purposes that the parties are required to obtain judicial approval of the dismissal with prejudice of the

---

[2] The defendant may not have required a release, but it is obtaining a dismissal with prejudice of the FLSA claims, which serves essentially the same function; both bar the re-filing of the FLSA claims.

plaintiffs' FLSA claims without any compensation therefor. "Given a particularly dubious FLSA claim, it may be possible that a plaintiff's voluntary dismissal with prejudice in return for nothing is a fair and reasonable resolution of the dispute." *Perez-Nunez*, 609 F. Supp. 2d at 1320. The defendant's letter brief satisfies the Court that this is such a case. *Cf. Parker v. Chuck Stevens Chevrolet, Inc.*, 2013 WL 3818886 at *2 (S.D. Ala. 2013) (approving, pursuant to *Lynn's*, the parties' joint motion to dismiss the plaintiff's FLSA claim without compensation). The Court also notes that the concerns articulated in *Crabtree v. Volkert, Inc.*, 2013 WL 593500 (S.D. Ala. 2013), are absent here.

Pursuant to the parties' stipulation, all claims in this action, other than the FLSA claims, are **dismissed with prejudice**. The parties are **ordered** to file, on or before **May 3, 2017**, a proposed stipulated judgment regarding the FLSA claims.

DONE and ORDERED this 26th day of April, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE